**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**Stephen Maresca, Heather Martin-Maresca,
M.M., C.M., and Anthony Maresca**

       **Plaintiffs,**

**v.**                         **No. 13-CV-00733 PJK/KBM**

**Bernalillo County, and
Bernalillo County Sheriff Officers
Deputy J. Fuentes, Deputy G. Grundhoffer,
Deputy L. Tonna, Deputy E. Lucero,
Deputy L. Swint, and Deputy S. Quintana**

       **Defendants.**

### PLAINTIFFS' RESPONSE TO DEFENDANT BERNALILLO COUNTY'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF STEPHEN MARESCA

COMES NOW Plaintiffs, by and through counsel of record, The Kennedy Law Firm, and hereby responds to Defendant County's Motion to Compel. Defendant's Motion solely seeks an employment release form from Plaintiff Stephen Maresca.

### DISCUSSION

Plaintiffs are seeking damages for emotional distress and humiliation which result from Defendants forcing Plaintiffs, and their minor children, to lay face down on the highway while held at gun point in the public view. Plaintiff Stephen Maresca is a principle at an elementary school, and during the incident and subsequently, Mr. Maresca experienced anxiety at the prospect of being seen by a student, parent or colleague as a criminal. Mr. Maresca had indicated this anxiety, stress and humiliation in his interrogatories. Mr. Maresca does not claim economic damages. He does not claim damages for any financial impact on his employment. An employment release will not lead to the discovery of relevant or admissible evidence and is an unwarranted invasion into Mr. Maresca's privacy.

Furthermore, even if Mr. Maresca's employment records were discoverable, he cannot be compelled to sign a release. "A request for production or inspection under Rule 34 requires a party to produce or provide for inspection and copying documents and tangible things that 'are in the possession, custody or control of the party upon whom the request is served.' Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party. In light of the above, the Court concludes that it has no authority—under either Rule 34 or Rule 37—to compel Plaintiff to sign the records authorizations." <u>Becker v. Securitas Sec. Servs. USA, Inc.</u>, 06-2226-KHV-DJW, 2007 WL 677711 (D. Kan. Mar. 2, 2007)(footnotes omitted)(see also <u>Shaw v. Mgmt. & Training Corp.</u>, 04-2394-KHV-DJW, 2005 WL 375666 (D. Kan. Feb. 9, 2005)( where, "Notwithstanding the conclusion that the documents sought are relevant to the claims and defenses here, the Court finds no basis within Rule 34 to compel a party signature.").

In addition, Plaintiff's employment records are not in his possession.

> Defendant has not yet attempted to secure copies of the requested documents from the non-party custodian of the records via subpoena. The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure. It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders. At this juncture, and under the specific circumstances presented, there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the release forms as requested.

<u>Shaw v. Mgmt. & Training Corp.</u>, 04-2394-KHV-DJW, 2005 WL 375666 (D. Kan. Feb. 9, 2005)(footnote omitted).

WHEREFORE, Plaintiff requests that Defendants' Motion to Compel be denied. Plaintiff does not seek economic damages, and his employment records are therefore not discoverable. In

addition, compelling Plaintiff to create a document to access records in control of a non-party is

outside the scope Rule 34 and 37.

Respectfully submitted,

**_/s/ Theresa V. Hacsi_**
KENNEDY LAW FIRM
Joseph P. Kennedy
Shannon L. Kennedy
Theresa V. Hacsi
1000 Second Street NW
Albuquerque, New Mexico 87102