# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**STEPHEN MARESCA,**
**HEATHER MARTIN-MARESCA,**
**M.M., C.M., and ANTHONY MARESCA,**

      **Plaintiffs,**

**v.**                               **No.  13-CV-00733 PJK/KBM**

**BERNALILLO COUNTY, and**
**BERNALILLO COUNTY SHERIFF OFFICERS**
**DEPUTY J. FUENTES, DEPUTY G. GRUNDHOFFER,**
**DEPUTY L. TONNA, DEPUTY E. LUCERO,**
**DEPUTY L. SWINT, and DEPUTY S. QUINTANA,**

      **Defendants.**

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16.  The parties conferred and submit the

following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try the action:

      For Plaintiff(s)        Joseph P. Kennedy
                                   Theresa V. Hacsi
                                   Kennedy, Kennedy, Ives, L.L.C.
                                   1000 Second Street NW
                                   Albuquerque, NM 87102
                                   (505) 244-1400
                                   Jpk@civilrightslawnewmexico.com
                                   Tvh@civilrightslawnewmexico.com

      For Defendant(s)      Deborah D. Wells, Esq.
                                     Kennedy, Moulton & Wells, P.C.
                                   2201 San Pedro NE, Bldg. 3, Suite 200
                                   Albuquerque, NM 87110
                                   (505) 884-7887
                                   ddwells@kmwpc.com

## II. JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

**1.  Was this action removed or transferred from another forum?**  _X_ Yes ___ No.  If yes, was the action removed or transferred?

_X_  Removed     _____  Transferred     _____     Original forum

**2.  Is subject matter jurisdiction of this Court contested?**

_X_   Uncontested     _____  Contested     _____ Party contesting

**3.  Asserted basis for jurisdiction.**

_X_  Federal Question     _____  Diversity     _____  Other

Statutory Provision(s) Invoked:  _42 U.S.C. § 1983_

**B.  Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

_X_   Uncontested     _____  Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

**2. Is venue contested?**

_X_   Uncontested     _____  Contested     _____ Party contesting

**C.  Are the proper parties before the Court?**

_X_   Uncontested     _____  Contested

If contested, identify each missing party or improper party and the basis for the contention:

**D. Identify the affirmative relief sought in this action.**

1. Plaintiff seeks: Judgment and compensatory damages against all defendants. Plaintiff seeks punitive damages against all defendants. Plaintiff seeks fees and costs of this action.

2. Defendant seeks: Dismissal with prejudice of all of plaintiffs' claims.

### III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A. Plaintiff's claims:**

Plaintiff brings claims pursuant to 42 U.S.C. and § 1983 and alleges that Defendants Fuentes, Grundhoffer, Tonna, Lucero, Swint, and Quintana seized Plaintiffs in violation of the Fourth Amendment and used excessive force on them during a traffic stop when Defendants pulled Plaintiffs' vehicle over, withdrew their weapons, order Plaintiffs out of the car, laid them prone on the ground and handcuffed them at gunpoint prior investigating the basic facts available to them. (Count I and Count II of Plaintiffs' Complaint). Plaintiff alleges that aforementioned conduct constituted both an unlawful detainment and an unlawful arrest in violation of their Fourth Amendment Rights. (Counts III and IV). Plaintiff also contends that the aforementioned conduct violated New Mexico law and constituted the torts of assault, false imprisonment, battery negligence and neglect training. (Count V). Specifically, Plaintiff contends that Defendant Bernalillo County is liable for its employees actions under Count V and that it was negligent in training its officers when it encouraged them to divert their attention from the road when inputting random license plate information, failing to train officers to verify query results when they can safely read the data in their vehicles, and by failing to adequately train officers on their interactions with children.

3

**B. Defendant's defenses:** Defendants Fuentes, Grundhoffer, tonna, Lucero, Swint and Quintana claim qualified immunity because: (1) the investigative stop was justified at its inception; (2) the investigative stop was reasonable; (3) there was no excessive force. These defendants are entitled to qualified immunity because they did not violate any of plaintiffs' constitutional rights and the law with regard to same was not clearly established. As to the state law claims, the plaintiffs failed to comply with the notice requirements of the Tort Claims Act, those defendants who either handcuffed or detained the plaintiffs possessed a reasonable belief in the lawfulness of their actions, no more force was used than was necessary and Bernalillo County was not negligent with regard to the training of their deputies.

**C. Claims or defenses of other party(s):**

*(Where counterclaims or cross-claims exist, also give brief description.)*

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1.      On March 14, 2013, plaintiffs Stephen Maresca, Heather Martin-Maresca, Anthony Maresca, M.M. and C.M. were traveling on Crest Road near the junction with Highway North 14, Tijeras, NM;

2.      Plaintiffs' vehicle was a red Ford F-150 pickup truck bearing NM license plate number 526 PLF;

3.      Deputy Fuentes ran a random vehicle plate check on plaintiffs' vehicle and typed in license plate number 525 PLF;

4.     The plate check returned information that the vehicle bearing plate number 525 PLF was a possible stolen vehicle;

5.     BCSO Deputy Gregory Grundhoffer, in a separate patrol unit, was patrolling with Deputy Fuentes on March 14, 2013;

6.     Deputy Grundhoffer was traveling southbound on Highway 14 behind Deputy Fuentes when he heard Deputy Fuentes announce that she was following a possible stolen vehicle;

7.     Deputy Grundhoffer was behind Deputy Fuentes and could not see the license plate of plaintiffs' vehicle;

8.     Deputy Fuentes initiated the traffic stop, pulled plaintiffs' vehicle to the side of southbound Highway 14, stopped her patrol unit behind the subject vehicle and exited her unit;

9.     Deputy Grundhoffer pulled in next to Deputy Fuentes' unit, exited his vehicle and moved to the passenger side of his unit to stand next to Deputy Fuentes;

10.     Upon exiting her patrol unit, Deputy Fuentes began issuing verbal commands to the vehicle occupants;

11.     Deputies Fuentes and Grundhoffer, using their vehicle doors as cover, both unholstered and drew their service weapons and pointed them in the direction of the Marescas' vehicle;

12.     Deputy Tonna and his trainee, Deputy Lucero, heard Deputy Fuentes' radio transmissions regarding the felony stop and responded to the scene;

13.    Deputy Quintana,  hearing Deputy Fuentes announce that she was going to conduct a felony traffic stop of a red Ford f-150 that had come back as stolen, left the BCSO East Mountain substation and proceeded to the scene;

14.    Plaintiffs Stephan Maresca, Heather Martin-Maresca, Anthony Maresca, C.M. and M.M. are individuals and residents of Albuquerque, New Mexico;

15.    At all material times, Defendants Fuentes, Grundhoffer, Tonna, Lucero, Swint, and Quintana were acting under color of state law and within the scope of their duty and employment with the Bernalillo County Sheriff's Office.

**B.  Contested Material Facts.**

**1.** Plaintiff's Contentions:

On March 14, 2013, Deputy Fuentes was following Plaintiffs in their red Ford pick-up truck in her department vehicle when she decided to randomly type Plaintiffs' license plate information into her mobile data terminal, a laptop which sits near the officer in their patrol vehicles. Defendant Fuentes was on a highway traveling at a high rate of speed during rush hour when she decided to divert her attention from the road to type Plaintiffs' vehicle information. It was dangerous and unreasonable for Defendant Fuentes to type Plaintiffs' vehicle information into a laptop while she was operating a motor vehicle.   It is wrong of Bernalillo County to encourage said conduct.

Because Fuentes was driving, she mistyped Plaintiffs' license plate number and ran a query on a different vehicle. Fuentes' laptop reported that a Chevrolet sedan bearing a different license plate to Plaintiffs' vehicle was stolen.   Fuentes did not read the query results or conduct any investigation prior to deciding she would pull Plaintiffs over and conduct a high-risk traffic stop and assume each Plaintiff was armed and dangerous despite lacking any specific suspicion that Plaintiffs were in fact dangerous.   Defendants Grundhoffer, Tonna, Lucero, Swint, and Quintana assisted in

6

the stop and also treated Plaintiffs as if they were dangerous despite any specific suspicion. All Defendants failed to intervene.

Defendants Fuentes and Grundhoffer ordered each Plaintiff out of the vehicle while pointing weapons towards the truck. Stephen Maresca, the driver, was the first person to exit. Defendant Fuentes ordered him to step out of his car with his hands up, to lift his shirt by his collar exposing his waist, walk backwards towards the officers and lay prone on the highway.

Heather Martin-Maresca, the passenger was the next person to exit the vehicle. Defendant Fuentes ordered her to step out of her car with her hands up, to lift her shirt by her collar exposing her waist, walk backwards towards the officers and lay prone on the highway.

Defendant Grundhoffer ordered Anthony Maresca, who was seventeen at the time, to step out of the car with his hands up, to lift his shirt by his collar exposing his waist, walk backwards towards the officers and lay prone on the highway.

Defendant Grundhoffer ordered C.M., who was Fourteen at the time, to step out of the car with his hands up, to lift his shirt by his collar exposing his waist, walk backwards towards the officers and lay prone on the highway.

Defendant Grundhoffer ordered M.M., who was nine at the time, to step out of the car with her hands up, to lift her shirt by his collar exposing her waist, walk backwards towards the officers and lay prone on the highway. Each Plaintiff was compliant with each order given to them by the officers.

The officers pointed their weapons at the vehicle which contained family members or directly at individuals who were out of the car. While C.M. laid prone, Defendant Swint pointed his shot gun at him. While Heather Martin-Maresca laid prone Defendant Quintana walked up to her, raised his handgun and pointed it at her head.

Each Plaintiff, except M.M., was then handcuffed and detained in the back of separate patrol vehicles. M.M. was ordered to hold her hands behind her back as if she were wearing handcuffs and told not to move. She was placed in the back of the patrol vehicle with her mother, Heather Martin-Maresca. Defendant Quintana handcuffed Stephen Maresca excessively tightly and refused to loosen the handcuffs despite Mr. Maresca's complaints of pain. Mr. Maresca sustained road rash when he was lifted off the highway by Defendants after he was handcuffed.

After each Plaintiff had been placed in the back of patrol vehicles, Defendant Fuentes checked the information on her query results and discovered she had made a mistake. Plaintiffs were then released. Each Plaintiff suffered compensatory damages including pain and suffering and emotional distress. M.M. particularly continues to suffer from significant emotional distress.

Bernalillo County failed to adequately train its deputies regarding how to safely operate a moving vehicle, run data searches, confirm query results, and also on how to interact with children. Defendants had a duty to investigate basic facts prior to seizing Plaintiffs. Defendants failed to do so and subsequently violated Plaintiffs' constitutional rights. Defendant willfully deprived Plaintiffs of their constitutional rights by failing to investigate basic facts and by the excessive force utilized on Plaintiffs.

Plaintiffs claim compensatory and punitive damages and attorney fees, interest and costs.


### 2. Defendant's Contentions:

1. Deputy Fuentes was parked at the side of the road while on patrol in the East Mountain area on Crest Road, just west of Highway 14;

2. Deputy Fuentes ran a random vehicle plate check on plaintiffs' vehicle and

mistakenly typed in license plate number 525 PLF;

3.    The random running of license plates during patrol is an accepted law enforcement practice throughout the United States;

4.    Deputy Fuentes in no way specifically targeted plaintiffs by randomly running the license plate number;

5.    Deputy Fuentes believed she had typed in the correct license plate number;

6.    As the plaintiffs' vehicle turned onto Highway 14, Deputy Fuentes announced over her radio that she was following a possible stolen vehicle and was initiating a felony traffic stop;

7.    Deputy Grundhoffer heard Deputy Fuentes announce the license plate number as 526 PLF;

8.    At 17.06 hours (5:06 p.m.) Deputy Fuentes initiated the traffic stop, pulled plaintiffs' vehicle to the side of southbound Highway 14, stopped her patrol unit behind the subject vehicle and exited her unit;

9.    Deputy Fuentes issued verbal commands first to the driver, Stephen Maresca, and then to the front seat passenger, Heather Martin-Maresca, to throw out any keys, exit the vehicle, raise their hands, raise their shirts at the collar to ascertain that no weapons were in their waistbands, turn in a complete circle, walk backwards toward her and lie prone on the ground;

10.    Deputy Fuentes' voice gave out and Deputy Grundhoffer assumed the task of verbally ordering out the remaining three vehicle occupants;

11.    Deputy Grundhoffer covered the vehicle with his sidearm while Deputy Fuentes issued commands to the first two vehicle occupants;

12.     The youngest occupant of the vehicle, M.M., was never handcuffed and was placed in a patrol vehicle with her mother;

13.     As plaintiff Stephen Maresca was formerly a sheriff's deputy, he was aware of what to expect during a felony traffic stop and advised his family of what to expect when they were initially stopped;

14.     The method used by Deputy Fuentes to conduct the felony stop was one she had been trained to employ;

15.     Deputies Tonna and his trainee, Deputy Lucero, hearing Deputy Fuentes' radio transmissions regarding the felony traffic stop, proceeded north on Highway 14 to a location just south of the stop and blocked northbound traffic on Highway 14;

16.     Deputy Tonna, having heard Deputy Fuentes call out the license plate number of the vehicle, attempted to verify the plate number but lost internet connection, at which point he and Deputy Lucero proceeded to the scene to assist in the high risk traffic stop;

17.     Upon arrival at the scene, Deputy Lucero briefly unholstered his weapon, re-holstered it and began directing traffic;

18.     Deputy Lucero had no contact with the vehicle occupants for the duration of the traffic stop;

19.     Deputy Swint, also hearing Deputy Fuentes' call and hearing Deputy Tonna's request for additional traffic control, proceeded from the East Mountain substation to the scene;

20.     Deputies Swint and Quintana arrived at the scene simultaneously after all of the vehicle occupants were in prone positions on the ground except for Stephen Maresca (who was half kneeling and holding the canine) and the nine year old girl, M.M., who was standing to the

side. They parked their units to the rear of the units of deputies Fuentes and Grundhoffer and observed deputies Tonna and Lucero blocking traffic;

21.     Deputy Quintana handcuffed Anthony Maresca, placed him in his patrol unit and advised him that he was being detained for investigative purposes only;

22.     The dog was upset and acting in an aggressive manner. Stephen Maresca was allowed to hold the dog until it was placed into the back of Deputy Grundhoffer's patrol unit along with Mr. Maresca. Deputy Swint retrieved his beanbag round gun from his unit in case of problems with the dog. By the time Deputy Swint reached the area, the dog had been secured in a patrol unit;

23.     Deputy Grundhoffer spoke with C.M., ascertained that his cuffs were not too tight and attempted to put him at ease;

24.     Deputy Swint did not handcuff anyone;

25.     Deputy Quintana placed handcuffs on Mr. Maresca, checked that they were placed properly, placed him in the back seat of Deputy Grundhoffer's patrol unit and had Mrs. Maresca place the canine into the unit with Mr. Maresca;

26.     Deputy Quintana advised both Stephen and Anthony Maresca that they were being detained for investigative purposes and were not under arrest;

27.     During the entire period of time it took to secure the plaintiffs and clear the vehicle, Deputy Fuentes believed that the vehicle was stolen. She did not conduct her investigation while plaintiffs were being secured;

28.     Deputies Quintana, Fuentes and Grundhoffer cleared the vehicle with their weapons at the low ready position;

29.     After the occupants of the vehicle had all been secured, Deputy Fuentes, as part of

her investigation, ran Stephen Maresca's driver's license and realized that she had typed an incorrect license plate number;

30.     Deputy Fuentes turned her belt tape recorder off after she had cleared the vehicle and felt it was no longer needed;

31.     Upon learning that she had mistakenly entered an incorrect plate number and that the vehicle was not stolen, Deputy Fuentes advised deputies Grundhoffer and Tonna of her mistake;

32.     Deputy Fuentes advised Stephen Maresca  that she had made a mistake and apologized to him.  He wanted to speak with her supervisor;

33.     Deputy Swint called Sergeant Jon Bartholf to the scene;

34.     Plaintiffs were released from investigative detention immediately upon the deputies learning that the vehicle was not stolen;

35.     Sgt. Bartholf arrived at the scene between 5:21 and 5:25 p.m., approximately 8-12 minutes after being called at approximately 5:13 p.m;

36.     The traffic stop began at approximately 5:06 p.m. and plaintiffs were released at approximately 5:13 when Sgt. Bartholf was called for a total detention time of approximately 7 minutes;

37.     The responding Supervisor, Sgt. Bartholf,  spoke with the plaintiffs (who had already been released) and explained the situation;

38.     Sgt. Bartholf counseled Deputy Fuentes regarding the incident;

39.     Bernalillo County Sheriff's Department trains its deputies in two methods of conducting felony high risk traffic stops, the "call out" method and the "stacked" method. The choice of method is left to deputy discretion and is situation dependent;

40. The purpose of a felony stop is to methodically remove occupants of a vehicle safely and in a manner that provides for the safety of the officers and of the occupants;

41. During the entire incident, every deputy with the exception of Deputy Lucero either covered the vehicle with their weapons or held their weapons in the low ready position. No deputies pointed their weapons directly at anyone;

42. The low ready position at which deputies hold their firearms is continually adjusted to ensure that the weapon is not pointed directly at a person;

43. The actions taken by deputies Fuentes, Grundhoffer, Tonna, Lucero, Swint and Quintana, despite a minor and understandable error in the running of the license plate, were consistent with generally accepted policies, practices and training of law enforcement agencies throughout the United States;

44. For deputies Grundhoffer, Tonna, Lucero, Swint and Quintana to have conducted their own independent investigations would have required them to shift focus from the law enforcement mission at hand and would be contrary to generally accepted law enforcement practices, policies and training;

45. Deputies Grundhoffer, Tonna, Lucero, Swint and Quintana properly relied and acted upon the observations and information provided by Deputy Fuentes pursuant to the law enforcement doctrine of collective knowledge;

46. None of plaintiffs suffered other than *de minimis* injuries.

**3.** Contentions of Other Party(s):

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

 _X_  Yes        _____  No

**If yes, identify the applicable law.**   42 U.S.C. § 1983 , the New Mexico Tort Claims Act and applicable common law.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

    **1.** Plaintiff

    **2.** Defendant

    **3.** Other party

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

    1.      Whether the individually named defendants are entitled to qualified immunity;

    2.      Whether the investigative stop was justified at its inception;

    3.      Whether the investigative stop was reasonable;

    4.      Whether any force used was excessive;

    5.      Whether any of plaintiffs constitutional rights were violated;

    6.      Whether defendants are liable for false imprisonment;

    7.      Whether defendants are liable for assault and battery;

    8.      Whether Bernalillo County is liable for negligent training;

    9.      Whether plaintiffs were arrested.

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

    **1.** Plaintiff: Plaintiff's Motion for Partial Summary Judgment on Counts I, II, III, IV and V of Plaintiff's Complaint against defendant Fuentes, filed June 3, 2014 [Doc. 56];

    **2.** Defendants: Motion for Summary Judgment, Motion in Limine Regarding M. Hari Sheppeard, Daubert Motion Regarding Joseph Blaettler, filed June 3, 2014.

**B.  Motions (other than motions in limine) which may be filed:**

**1.** Plaintiff:

**2.** Defendant:

**3.** Other party

The briefing must be complete and a Notice of Completion of Briefing must be filed with the Court by _____.

**C.  Motions in limine which may be filed.**

**1.** Plaintiff: motions in limine

**2.** Defendants:   This cannot be determined until it is determined which claims, if any, remain in the case pursuant to the dispositive motions.

**3.** Other party

**4.**   Motions in limine should be filed with the Court not later than 14 calendar days before trial; responses should be filed not later than 7 calendar days after such a motion is filed.  Replies are optional, a Notice of Completion of Briefing is not required, and the Court may rule upon a motion in limine based upon the motion and response.

## VIII.  DISCOVERY

**A.  Has discovery been completed?**          __X__  Yes          _____  No

If no, discovery terminates on _____.

**B.  Are there any discovery matters of which the Court should be aware?**  No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number.  A witness*

*who has not been identified and whose testimony has not been disclosed may not testify at trial*

*unless good cause is shown.*

**A. Plaintiff's Witnesses:**

**1.** Plaintiff may call or have available at trial the following witnesses:

Stephen Maresca
c/o Kennedy, Kennedy, & Ives, LLC
1000 Second Street NW
Albuquerque, NM 87102
Phone: (505) 244-1400
Fax: (505) 244-1406

The above listed Plaintiff may testify to what they had witnessed on the day of the allegations in the complaint and to the damages that he and the other names plaintiffs have suffered during and prior to the incident.

Heather Martin-Maresca
c/o Kennedy, Kennedy, & Ives, LLC
1000 Second Street NW
Albuquerque, NM 87102
Phone: (505) 244-1400
Fax: (505) 244-1406

The above listed Plaintiff may testify to what they had witnessed on the day of the allegations in the complaint and to the damages that he and the other names plaintiffs have suffered during and prior to the incident.

Anthony Maresca
c/o Kennedy, Kennedy, & Ives, LLC
1000 Second Street NW
Albuquerque, NM 87102
Phone: (505) 244-1400
Fax: (505) 244-1406

The above listed Plaintiff may testify to what they had witnessed on the day of the allegations in the complaint and to the damages that he and the other names plaintiffs have suffered during and prior to the incident.

Defendant Deputy J. Fuentes
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS

2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed Defendant may testify to what they had witnessed on the day of the allegations in the complaint.

Defendant Deputy G. Gunderhoffer
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed Defendant may testify to what they had witnessed on the day of the allegations in the complaint.

Defendant Deputy L. Tonna
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed Defendant may testify to what they had witnessed on the day of the allegations in the complaint.

Defendant Deputy E. Lucero
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed Defendant may testify to what they had witnessed on the day of the allegations in the complaint.

Defendant Deputy L. Swint
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed Defendant may testify to what they had witnessed on the day of the

allegations in the complaint.

Defendant Deputy S. Quintana
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed Defendant may testify to what they had witnessed on the day of the allegations in the complaint.

M. Hari Sheppeard, LMSW, LADAC
Counseling World, LLC
2601 Wyoming Blvd, Suite 101
Albuquerque, NM 87112
Phone: (505) 404-0717

The above listed witness can testify to Plaintiffs M.M.'s and C.M.'s mental health status, as they have provided counseling assessment and treatment of Plaintiffs M.M. and C.M. in relation to the allegations in the complaint.

Lucinda McConnell
Arroyo Del Oso elementary school
7001 Osuna Rd NE
Albuquerque, NM 87109
Phone: (505) 884-7505

The above listed witness can testify to Plaintiff M.M.'s mental health status, as they have provided counseling assessment and treatment of Plaintiff M.M. in relation to the allegations in the complaint.

Dean Riley
3313 Castle Drive
Plano, TX 75074
(214) 478-4004

On March 24, 2013, the above listed was driving in a vehicle with Stephen and Heather when they were stopped by a police officer in Dallas in regards to a missing taillight. Riley observed the state of panic which overtook Stephen and Heather, as they initially didn't know why we were being stopped and immediately became fearful of police action.

Kimberly J. Sant
6504 Harper Drive NE

Albuquerque, NM 87109
(505) 459-3671

The above listed was M.M.'s third grade teacher. Sant observed disturbing comments and drawings regarding police officers and guns in M.M.'s journal after the incident and sent M.M. to our school counselor for assessment.

Vicki Martinez
3471 Cerrillos Road #67
Santa Fe, NM 87507
(505) 470-0354

The above listed is M.M.'s maternal grandmother. Martinez has observed disruptions in M.M.'s behavior, especially M.M.'s night time behavior and sleeping habits.

Mary Maresca
5712 Oak Cliff
El Paso, TX 79912
(915) 584-2816

The above listed is M.M.'s paternal grandmother. Mary witnessed M.M.'s behavior when the family had visited the dog park on Memorial Day 2013. The Marescas encountered another dog owner who had voiced frustration at the Marescas' dog. The dog owner threatened to call "911", misstating "311", for the City's help line. In response to the dog owner's statement, M.M. burst into tears, became inconsolable, and began verbalizing her fears of police coming to arrest her family members. Stephen carried M.M. to their home from the dog park, because M.M. was too distraught to walk.

Samuel Roll, Ph.D, P.A.
201 Tulane S.E.
Albuquerque, NM 87106
(505) 255-9494

The above listed is an expert retained by Defendants who has information regarding the emotional distress suffered by M.M.

Captain E. Mims
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed has information regarding the training practices of Bernalillo County Sheriff's Office.

Sergeant Bartholf
c/o KENNEDY, MOULTON & WELLS, P.C.
DEBORAH D. WELLS
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Phone: (505) 884-7887

The above listed has information regarding the training practices of Bernalillo County Sheriff's Office and has information regarding what he witnessed the day of the incident.

Joseph J. Blaettler

 4 Briarwood Lane,
Morristown, New Jersey 07960
 (973) 725-9677

The above listed is an expert in police procedures and training and can testify to his opinions regarding whether Defendants' actions comported with professional standards.

Any witness necessary for rebuttal.

Any witness necessary for impeachment.

Any witness necessary for authentication.

Any witness listed by the Defendant.

**2.** Plaintiff may call the following witnesses:

**B. Defendants' Witnesses:**

**1.** Defendant will call or have available at trial the following witnesses:

1.      BCSO Deputy J. Fuentes
        C/O Kennedy, Moulton & Wells, P.C.
        2201 San Pedro NE, Bldg. 3, Suite 200
        Albuquerque, New Mexico 87110
        (505) 884-7887

        Deputy Fuentes will testify regarding the March 14, 2013, traffic stop, her training and  plaintiffs' allegations.

2.      BCSO Deputy G. Grundhoffer

C/O Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887

Deputy Grundhoffer will testify regarding the March 14, 2013, traffic stop, his training and plaintiffs' allegations.

3.      BCSO Deputy L. Tonna
C/O Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887

Deputy Tonna will testify regarding the March 14, 2013, traffic stop, his training and  plaintiffs' allegations.


4.      BCSO Deputy E. Lucero
C/O Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887

Deputy Lucero will testify regarding the March 14, 2013, traffic stop, his training and  plaintiffs' allegations.

5.      BCSO Deputy L. Swint
C/O Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887

Deputy Swint will testify regarding the March 14, 2013, traffic stop, his training and plaintiffs' allegations.

6.      BCSO Deputy S. Quintana
C/O Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887

Deputy Quintana will testify regarding the March 14, 2013, traffic stop, his training and  plaintiffs' allegations.

**2.** Defendant may call the following witnesses:

7.      BCSO Sgt. J. Bartholf
        C/O Kennedy, Moulton & Wells, P.C.
        2201 San Pedro NE, Bldg. 3, Suite 200
        Albuquerque, New Mexico 87110
        (505) 884-7887

        Sgt. Bartholf may testify regarding his knowledge of the March 14, 2013, traffic
        stop, policies and procedures of BCSO and plaintiffs' allegations.

8.      BCSO Captain Edward Mims
        C/O Kennedy, Moulton & Wells, P.C.
        2201 San Pedro NE, Bldg. 3, Suite 200
        Albuquerque, New Mexico 87110
        (505) 884-7887

        Captain Mims may testify regarding BCSO policies, procedures and practices, as
        well as all aspects of training, including but not limited to general training, field
        training, training with regard to felony stops, license plate searches and
        interaction with children.

9.      John J. Ryan, B.S., M.S., J.D.
        5101 Decatur Blvd., Suite L
        Indianapolis, Indiana 46241
        (800) 365-0119

        Mr. Ryan may testify with regard to plaintiffs' allegations and recognized police
        practices, pursuant to his expert report.

10.     Samuel Roll, Ph.D, P.A.
        201 Tulane S.E.
        Albuquerque, NM 87106
        (505) 255-9494

        Dr. Roll may testify with regard to his independent psychological evaluation of
        M.M. and her alleged damages, pursuant to his expert report.

11.     Stephen Maresca
        c/o Kennedy, Kennedy, & Ives, LLC
        1000 Second Street NW
        Albuquerque, NM 87102
         (505) 244-1400

Mr. Maresca may testify regarding his allegations and alleged damages.

12.     Heather Martin-Maresca
        c/o Kennedy, Kennedy, & Ives, LLC
        1000 Second Street NW
        Albuquerque, NM 87102
         (505) 244-1400
         (505) 244-1406


        Mrs. Maresca may testify regarding her allegations and alleged damages.


13.     Anthony Maresca
        c/o Kennedy, Kennedy, & Ives, LLC
        1000 Second Street NW
        Albuquerque, NM 87102
         (505) 244-1400
         (505) 244-1406

        Mr. Maresca may testify regarding his allegations and his alleged damages


14.     Mollie Ferguson
        S.A.F.E. House
        P.O. Box 25363
        Albuquerque, NM 87125
        (505) 224-4219

        Ms. Ferguson may testify regarding the nature of alleged emotional distress
        damages claimed by plaintiffs Heather Martin-Maresca, M.M. and C.M.


15.     Dale Klein-Kennedy
        Corrales Equine Assisted Psychotherapy
        705 Camino Hermosa
        Corrales, NM 87048

        Ms. Klein-Kennedy may testify regarding the nature of the alleged emotional
        distress damages claimed by plaintiffs Heather Martin-Maresca, M.M. and C.M.

16.     Any witness called by plaintiffs

17.     Any rebuttal witnesses as required

18.     Any witness required for authentication

19.     Any necessary records custodians.


# X. TRIAL PREPARATION

## A.  Exhibits.

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections," including the basis of the objections, no later than *21* calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than *21* calendar days before trial.

All exhibits must be marked **before** trial.  Exhibits must be marked numerically, e.g., Plaintiff takes numbers 1-50 and Defendant takes numbers 51-100, and should <u>not</u> identify the party offering the exhibit.  The identification number will remain the same whether the exhibit is admitted or not.

## B.  Witness Lists.

A party's witness list must be filed with the Clerk and served on all parties *21 calendar days before trial*.  Witness lists also should be  submitted in WordPerfect or Microsoft Word.  Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony, including the specific basis of the objections, are due within fourteen (14) calendar days of service of the witness list.  The objecting party must highlight those portions of the requested deposition testimony to which the party objects.  Plaintiff must use a yellow highlighter and defendant must use a blue highlighter.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least *7* calendar days before trial.

## C.  Voir Dire.

**1.**  If allowed, do the parties wish to participate in *voir dire*?

| | | | |
|---|---|---|---|
| Plaintiff | <u>X</u> Yes | _____ No |
| Defendant | <u>X</u> Yes | _____ No |
| Other Party | _____ Yes | _____ No |

**2.**  Each party must serve on all parties and file with the Clerk, a pleading entitled "Proposed Voir Dire Questions."  The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed *voir dire*

questions. This request must be filed at least _21_ calendar days prior to jury selection.

**D. Jury Instructions and Verdict.**

**1. In General.** The parties must confer about proposed jury instructions and make a good faith effort to agree.

**2. Submission of Proposed Instructions.** The parties must submit one mutually approved set of jury instructions with citations, including pin cites, not later than *the Pretrial Conference* (normally, the date of the Pretrial Conference). For those **few** instructions the parties were unable to agree upon, each party must submit its own proposed instructions with citations, including pin cites, at the same time as submission of the mutually agreed instructions.

**3. Form of Instructions.**

**a.** Submit sets of double-spaced instructions as follows: __2__ set(s) with citations and numbered sequentially, one of which will be filed.

**b.** Submit no more than one instruction to a page. Pattern instructions should be identified.

**c.** All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction. Be sure to include pertinent, i.e. Supreme Court, Tenth Circuit or New Mexico, authority. Use pin cites.

**d.** Submit a cover sheet on all sets of instructions.

**e.** Instructions and verdict form(s) also should be submitted on a CD or floppy disk in WordPerfect or Microsoft Word.

**4. Deadlines for Submitting Instructions.**

**a.** Instructions shall be filed not later than *the Pretrial Conference* (normally, the date of the Pretrial Conference).

**b.** Supplemental unanticipated jury instructions may be submitted at trial. Please include a cover sheet.

**E. Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection. The statement in WordPerfect or Microsoft Word must be submitted to the Court _21_ days before jury selection.

**F. Submissions for Bench Trials. N/A.**

    **1.** The parties must submit one mutually approved set of proposed findings of fact and conclusions of law not later than ____ calendar days before trial. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set. Parties should submit ultimate findings of fact, as opposed to evidentiary findings, and proposed findings and conclusions also should be faxed to the judge's chambers.

    **2.** Also submit a copy in WordPerfect or Microsoft Word containing any proposed findings of fact and conclusions of law.

**G. Trial Briefs.**

    **1.** The parties may submit optional trial briefs not to exceed fifteen pages, not later than _21_ calendar days before trial.

## XI. OTHER MATTERS

**A. Settlement Possibilities.**

    **1.** The possibility of settlement in this case is considered:
_____ Poor __X__ Fair _____ Good _____ Excellent _____ Unknown

    **2.** Do the parties have a settlement conference set with the assigned Magistrate Judge?
_____ Yes __X__ No    If yes, when?

If a settlement conference has already been held, indicate approximate date.
_____

Would a follow-up settlement conference be beneficial? _____ Yes _____ No

    **3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial? If yes, please identify. __No__ If no, explain why not. The parties believe a settlement conference with the assigned Magistrate Judge will be sufficient.

**B. Length of Trial and Pretrial Conference and Trial Settings.**

    **1.** This action is a _____ Bench trial __X__ Jury Trial _____ Both

**2.** The case is set for a pretrial conference on *November 13, 2014*.

**3.** The case is set for trial on ___ January 5, 2015.  If there is no setting, the parties estimate they will be ready for trial by _____.

**4.** The parties shall make every effort to avoid cumulative exhibits, witnesses and questioning.  The estimated length of trial is __5__ day(s).

## XII.  EXCEPTIONS

## XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this *5th* day of *July*, 20*14*.

 *Telephonically approved 08/05/14*
Joseph P. Kennedy
Theresa V. Hacsi
Kennedy, Kennedy, Ives, L.L.C.
1000 Second Street NW
Albuquerque, NM 87102
(505) 244-1400
Jpk@civilrightslawnewmexico.com
Tvh@civilrightslawnewmexico.com

Attorneys for plaintiffs


 */s/ Deborah D. Wells*
Deborah D. Wells, Esq.
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887
ddwells@kmwpc.com

Attorney for defendants

Dated: *July 8, 2014*

_____
UNITED STATES CIRCUIT JUDGE
PAUL J. KELLY, Jr.
Sitting by Designation